Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000657
30-SEP-2016
08:55 AM

NO. CAAP-15-0000657

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
DARWIN RAMIREZ, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 98-0-2266)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Reifurth, JJ.)

In this appeal, Defendant-Appellant Darwin Ramirez (Ramirez) challenges the constitutionality of Hawaii Revised Statutes (HRS) § 706-656(1) (2014), as it was amended in 2014. The 2014 amended version of HRS § 706-656(1), which is the current version of the statute, requires the imposition of a sentence of life imprisonment with the possibility of parole for persons convicted of attempted first-degree murder who, like Ramirez, were under the age of eighteen at the time of the offense.[1]  In State v. Tran, No. CAAP-13-0005233, 2016 WL 3768880 (Hawaiʻi App. July 14, 2016), we recently rejected a challenge to the constitutionality of the 2014 amended version of HRS § 706-

_____

[1] HRS § 706-656(1) (2014), as it was amended in 2014, provides in pertinent part: "Persons under the age of eighteen years at the time of the offense who are convicted of first degree murder or first degree attempted murder shall be sentenced to life imprisonment with the possibility of parole."

656(1) that raised the same basic grounds presented by Ramirez. Based on Tran, we likewise reject Ramirez's challenge to the constitutionality of this statute.

I.

Plaintiff-Appellee State of Hawai'i (State) charged Ramirez and several co-defendants in Count 1 with the attempted first-degree murder of Donald Marumoto and Gary Santos. Ramirez was seventeen years old at the time of this charged offense. The prosecution's theory was that Ramirez had planned and participated with his co-defendants in the attempted murder of Marumoto and Santos. At trial, the State presented evidence that Ramirez had struck Marumoto in the head with a baseball bat and that the several of Ramirez's friends and co-defendants had attacked and injured Santos in the same incident. The jury found Ramirez guilty as charged on Count 1.

On November 10, 1999, Ramirez was sentenced on Count 1 to life imprisonment without the possibility of parole, which was the mandatory sentence then applicable to his attempted first-degree murder offense under HRS § 706-656(1) (1993).[2] On June 29, 2001, the Hawai'i Supreme Court issued a summary disposition order in Ramirez's direct appeal that affirmed Ramirez's judgment.

After Ramirez's conviction and original sentence had become final, the United States Supreme Court issued a series of decisions which established that a sentence of life without the possibility of parole when imposed on a juvenile offender, like Ramirez, constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution. See Roper v. Simmons, 543 U.S. 551, 578 (2005) (holding that the death penalty could not be imposed on offenders who were juveniles (under the age of eighteen) when their crimes were committed); Graham v.

_____

[2] At the time Ramirez committed the attempted first-degree murder offense, HRS § 706-656(1) (1993) provided, in relevant part: "Persons convicted of first degree murder or first degree attempted murder shall be sentenced to life imprisonment without possibility of parole."

Florida, 560 U.S. 48, 74-75 (2010) (holding that a juvenile offender could not be sentenced to life without the possibility of parole for a nonhomicide crime); Miller v. Alabama, 132 S.Ct. 2455, 2469 (2012) (holding that a sentencing scheme that mandates a sentence of life without the possibility of parole for juvenile offenders (even those who commit a homicide) violates the Eighth Amendment).

In response to these decisions, the 2014 Hawai'i Legislature enacted Act 202 which amended HRS § 706-656(1) to require a sentence of life imprisonment with the possibility of parole, instead of life imprisonment without parole, for juvenile offenders convicted of first-degree murder and attempted first-degree murder. 2014 Haw. Sess. Laws Act 202 (Act 202), §§ 1-2 at 693-94. The effective date of Act 202 is July 2, 2014, and Act 202 is applicable to "proceedings arising on or after its effective date and to proceedings that were begun but not concluded before its effective date." 2014 Haw. Sess. Laws Act 202, § 6 at 695.

II.

On June 25, 2013, Ramirez filed a petition for post-conviction relief, asserting, among other things, that his sentence of life imprisonment without the possibility of parole violated the Eighth Amendment to the United States Constitution and Article I, Section 12 of the Hawai'i Constitution.[3] On April 6, 2015, the Circuit Court of the First Circuit (Circuit Court)[4] granted Ramirez's petition with respect to this claim, set aside Ramirez's original sentence on Count 1, and scheduled a new sentencing hearing. On August 5, 2015, the Circuit Court resentenced Ramirez on Count 1 to life imprisonment with the

_____

[3] The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments" and Article I, Section 12 of the Hawai'i Constitution prohibits the infliction of "cruel or unusual punishment."

[4] The Honorable Richard K. Perkins presided.

3

possibility of parole. The Circuit Court entered its Judgment on August 5, 2015, and this appeal followed.

III.

On appeal, Ramirez contends that "[HRS §] 706-656(1) (2014)[, as it was amended in 2014,] is unconstitutional pursuant to the United States Supreme Court's decision in Miller v. Alabama . . . because it still imposes a mandatory penalty for juvenile offenders without allowing the sentencing court to consider the individualized characteristics of youth." Ramirez reads Miller as precluding juvenile offenders from being sentenced pursuant to sentencing schemes that impose mandatory penalties.

In Tran, we rejected the same basic arguments Ramirez raises in this appeal and upheld the constitutionality of HRS § 706-656(1) (2014), as it was amended in 2014. Tran, 2016 WL 3768880, at *6-9. Based on our reasoning and analysis in Tran, we reject Ramirez's challenge to the constitutionality of the 2014 amended version of HRS § 706-656(1), which is the current version of the statute. Accordingly, we affirm the August 5, 2015, Judgment entered by the Circuit Court.

DATED: Honolulu, Hawaiʻi, September 30, 2016.

On the briefs:

Cynthia A. Kagiwada
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Kimberly Tsumoto Guidry
First Deputy Solicitor General
Department of the Attorney General
for Amicus Curiae
Attorney General of Hawaiʻi

*Craig H. Nakamura*
Chief Judge

*Lawrence M. Reifurth*
Associate Judge

*Katherine M. Leonard*
Associate Judge

4